UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA FROELICH,

      Plaintiff,                              Hon. Paul L. Maloney

v.                                             Case No. 1:23-cv-312

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v.*

*Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 60 years of age on her alleged disability onset date. (PageID.26). Plaintiff successfully completed high school and worked previously as a packager, driver, circuit board solderer, and parts inspector/sorter. (PageID.36, 50). Plaintiff applied for benefits on October 14, 2020, alleging that she had been disabled since January 1, 2020, due to back pain, depression, and anxiety. (PageID.26, 228).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Donna Grit, in an opinion dated January 28, 2022, determined that Plaintiff did not qualify for disability benefits. (PageID.26-73). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from generalized anxiety disorder, social anxiety disorder, major depressive disorder, and obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.28-31).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform work at all exertional levels subject to the following limitations: (1) she cannot work at unprotected heights; (2) she cannot climb ladders, ropes, or scaffolds; (3) she can understand, remember, and apply information to perform simple tasks and make simple decisions; (4) she can focus and complete simple tasks timely; (5) she can adapt to routine changes in the workplace;

and (6) she can have occasional interaction with the public, co-workers, and supervisors. (PageID.31). Based on the testimony of a vocational expert, the ALJ found that Plaintiff could perform her past relevant work as a packager. (PageID.67-73). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.   Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). Plaintiff argues that she is entitled to relief because the ALJ's RFC assessment is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ erred by failing to include any physical limitations in her RFC and, furthermore, by failing to sufficiently account for her emotional impairments.

As for the lack of physical limitations in Plaintiff's RFC, a clarification of sorts is in order. While Plaintiff's RFC assessment contains no explicit physical limitations, the ALJ found that Plaintiff was not entitled to benefits because she could still perform her past relevant work as a packager. (PageID.68-70). The vocational expert testified that Plaintiff's previous work as a packager was a medium

level position.  (PageID.68-69).  Thus, the ALJ implicitly limited Plaintiff to medium work.  Stated differently, if the Court determined that the ALJ erred by finding that Plaintiff could perform work beyond the medium level any such error would be harmless as correction of such would not change the outcome. Accordingly, the relevant question presently is whether there exists substantial evidence to support the ALJ's decision that Plaintiff can perform medium level work.

The Court recognizes that it might be tempting to simply conclude, by judicial fiat, that a 60-year-old woman cannot possibly perform medium level work. Plaintiff, however, has identified no authority supporting such an approach or outcome.  Moreover, for the Court to act in such a manner would be expressly contrary to the authority discussed above.  Accordingly, the question before the Court must be assessed by reference to the evidence and appropriate standard. When so assessed, the Court finds that the ALJ's assessment of Plaintiff's functional abilities is supported by substantial evidence.

As Plaintiff notes, the results of a 2015 lumbar spine x-ray revealed "transitional anatomy with sacralization on the left at L5."  (PageID.341). Sacralization "is a condition where the base of your spine has fused to the top of your pelvis."  *See* What is Sacralization?, available at https://www.webmd.com/back-pain/what-is-sacralization (last visited on Dec. 26, 2023).  But, while sacralization "can cause back pain" for some, "[m]any people have no symptoms."  *Id.*  Plaintiff's x-rays were "[o]therwise unremarkable."  (PageID.341).  Likewise, physical exams did not produce findings inconsistent with the ALJ's decision.  (PageID.415-16, 562-

63, 580-81, 671).  Moreover, while Plaintiff has often reported experiencing back pain, the ALJ discounted Plaintiff's subjective allegations on the ground that such were inconsistent with the medical record and her reported activities.   (PageID.34). Plaintiff has not challenged this determination.  In sum, the meager amount of evidence concerning Plaintiff's back condition fails to support Plaintiff's argument. The ALJ's assessment regarding Plaintiff's residual physical abilities is supported by substantial evidence.

Regarding Plaintiff's non-exertional limitations, the result is the same.  As noted above, the ALJ incorporated into her RFC several non-exertional limitations. The medical record reveals that the ALJ's assessment in this regard is supported by substantial evidence.  Plaintiff's therapy treatment notes do not indicate findings suggesting that Plaintiff is more limited than the ALJ concluded.   (PageID.442-51, 469-77, 491-517, 525-36, 543-732).   Observations about Plaintiff's mental status were consistently unremarkable.   (PageID.447-51, 471, 473, 476, 491, 493, 496, 498-99, 501, 504-06, 508-17, 525-36, 562-64, 581-82, 673-74).   Plaintiff also reported that her medications were effective at improving her symptoms.   (PageID.525, 530, 582).

The ALJ is tasked with determining a claimant's RFC.  *See* 20 C.F.R. §§ 404.1546(c), 416.946(c).  While the ALJ may not "play doctor" and substitute her own opinion for that of a medical professional, the ALJ is not required to tailor her RFC assessment to any particular opinion or item of medical evidence.  *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009).   Instead, the ALJ is "charged with the responsibility of evaluating the

medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004).

This is what the ALJ in this matter did and the ALJ's RFC assessment is supported by substantial evidence. Plaintiff's argument is essentially that the ALJ should have weighed and evaluated the evidence differently. This is not grounds for relief, however. Accordingly, this argument is rejected.

## II. Medical Source Opinions

One of Plaintiff's therapists, Marrianna Bryant, TLLP, expressed the opinion that Plaintiff was more limited than the ALJ concluded. (PageID.742-47). Bryant's supervisor, Lawrence Beer, Ed.D., subsequently approved Bryant's opinion. (PageID.750). Two physicians who reviewed the record, Dr, Katherine Alizo and Dr. Saddat Abbasi, opined that Plaintiff was more physically limited than the ALJ concluded. (PageID.75-91, 94-103). The ALJ, however, found these opinions unpersuasive. Plaintiff argues that she is entitled to relief because the ALJ's assessment of these opinions is not supported by substantial evidence.

Because Plaintiff filed her application after March 27, 2017, the ALJ evaluated the opinions in question pursuant to 20 C.F.R. § 416.920c. This regulation provides that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 416.920c(a). Instead, the ALJ is required to articulate her determination

of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* § 416.920c(b)(1).

These factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. *Id.* § 416.920c(1)-(5). The ALJ must explain her consideration of the supportability and consistency factors, but absent circumstances not present here, is not required to explain how the remaining factors were considered. *Id.* § 416.920c(b)(2), (3). The regulations define "supportability" and "consistency" as follows:

>   (1)   Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
>   (2)   Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(1)-(2).

   A.   Marrianna Bryant

Bryant assessed Plaintiff's mental ability to perform unskilled work in sixteen different areas of functioning. (PageID.745-46). According to Bryant, Plaintiff is "seriously limited" in six categories, "unable to meet competitive standards" in four categories, and has "no useful ability to function" in one category. (*Id.*). Bryant

further reported that Plaintiff experiences "marked" limitations in her ability to interact with others and maintain concentration, persistence, or pace. (PageID.746). The ALJ discounted Bryant's opinions noting that such

> are grossly inconsistent with the mostly normal mental status findings throughout the record, including those of Ms. Bryant and others. Overall, mental status findings were frequently normal or near normal, and noted [Plaintiff] was oriented with average intelligence, appropriate appearance, normal speech, appropriate affect, normal behavior, appropriate thought content, and normal attention. While [Plaintiff] reported having social anxiety and issues with concentration, those symptoms are accommodated for and do not support precluding her from all work. Accordingly, these opinions are neither supported nor consistent with the evidence as a whole.

(PageID.36).

As discussed above, the medical record, including Ms. Bryant's own treatment notes, do not support Bryant's extreme opinions. The ALJ's rationale for discounting Bryant's opinions is supported by substantial evidence. Accordingly, this argument is rejected.

B. Drs. Alizo and Abbasi

Both doctors concluded that Plaintiff was limited to light work. (PageID.86, 99). The ALJ found these opinions unpersuasive, however, on the ground that such were inconsistent with the medical record. (PageID.34). As discussed above, the ALJ's assessment in this regard is supported by substantial evidence. Accordingly, this argument is rejected.

### III.   The ALJ Properly Evaluated Plaintiff's Impairments

Plaintiff next asserts that she is entitled to relief because the ALJ failed to find that she suffers from a back impairment.  At step two of the sequential disability analysis, the ALJ must determine whether the claimant suffers from a severe impairment.  The Sixth Circuit has held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision.  *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v. Commissioner of Social Security*, 528 Fed. Appx. 425, 427 (6th Cir., May 22, 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments. . .does not constitute reversible error").

Here, the ALJ determined that Plaintiff suffered from severe impairments at step two of the analysis and continued with the remaining steps thereof, considering in detail the medical evidence of record.  The record does not support that Plaintiff suffers from a severe back impairment.  More importantly, even if the Court assumes that Plaintiff does have such an impairment, the record fails to establish that such limits her to a greater degree than the ALJ recognized in her RFC assessment.

Thus, even if it is assumed that the ALJ erred in failing to find that Plaintiff suffers a severe back impairment, such does not call into question the substantiality of the evidence supporting the ALJ's decision. This argument is, therefore, rejected. *See Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (recognizing that the harmless error doctrine is intended to prevent reviewing courts from becoming "impregnable citadels of technicality"); *Heston v. Commissioner of Social Security*, 245 F.3d 528, 535-36 (6th Cir. 2001) (recognizing that remand to correct an error committed by the ALJ unnecessary where such error was harmless); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("no principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result").

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: December 26, 2023 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge