UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LINDA FROELICH,  ) <br>     Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> COMMISSIONER OF SOCIAL SECURITY,  ) <br>     Defendant.  ) <br> _____) | No. 1:23-cv-312 <br><br> Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Plaintiff's objections to the report and recommendation issued by Judge Green. (ECF No. 12). The court will overrule the objection and adopt the report and recommendation.

### I. Background

Plaintiff brought this action under Section 205(g) of the Social Security Act, 42 U.S.C. 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Judge Green's report and recommendation concluded that the Commissioner's decision be affirmed.

### II. Legal Standard

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and

recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

### III. Analysis

Plaintiff's objection focuses on the ALJ's finding that Plaintiff's spinal condition was not a "medically determinable impairment." Plaintiff insists that this finding was contrary to law. Plaintiff argues that Judge Green's analysis did not properly assess the difference between a "determinable medical impairment" and a "non-severe" impairment under the relevant rules. Judge Green rejected this argument:

> Plaintiff next asserts that she is entitled to relief because the ALJ failed to find that she suffers from a back impairment. At step two of the sequential disability analysis, the ALJ must determine whether the claimant suffers from a severe impairment. The Sixth Circuit has held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v. Commissioner of Social Security*, 528 Fed. Appx. 425, 427 (6th Cir., May 22, 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments. . .does not constitute reversible error").
>
> Here, the ALJ determined that Plaintiff suffered from severe impairments at step two of the analysis and continued with the remaining steps thereof, considering in detail the medical evidence of the record. The record does not support that Plaintiff suffers from a severe back impairment. More importantly, even if the Court assumes that Plaintiff does have such an impairment, the record fails to establish that such limits her to a greater degree than the ALJ recognized in her RFC assessment.

Thus, even if it is assumed that the ALJ erred in failing to find that Plaintiff suffers a severe back impairment, such does not call into question the substantiality of the evidence supporting the ALJ's decision. This argument is, therefore, rejected. See *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (recognizing that the harmless error doctrine is intended to prevent reviewing courts from becoming "impregnable citadels of technicality"); *Heston v. Commissioner of Social Security*, 245 F.3d 528, 535-36 (6th Cir. 2001) (recognizing that remand to correct an error committed by the ALJ unnecessary where such error was harmless); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("no principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result").

(ECF No. 10 at PID 807-08).

The report and recommendation relied upon *Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240 (6th Cir. 1987) and *Kirkland v. Commissioner of Social Security*, 528 Fed. Appx. 425 (6th Cir., May 22, 2013). Plaintiff attempts to distinguish her case from both. Plaintiff argues that the issue is whether Plaintiff's "transitional vertebrae constituted a medically determinable impairment *and then* whether it was properly considered when ALJ Grit determined claimant's RFC at Step 3." (ECF No. 12 at PID 816). Plaintiff argues that even if Plaintiff's back impairment was not considered a severe impairment, it should have been considered in the RFC analysis as a non-severe but medically determinable impairment.[1]

The ALJ determined that Plaintiff's "back and knee pain are non-medically determinable." (ECF No. 3-2 at PID 29). The ALJ opined that the "record noted sacralization of left L5 (per old films). However, that is an anatomic variant rather than an

---

[1] Despite arguing that *Maziarz* and *Kirkland* are distinguishable, Plaintiff does not cite a case to the contrary.

3

impairment itself." (*Id.*). Only the ALJ can "evaluate the credibility of witnesses, including that of the claimant." *Rodgers v. Commissioner of Social Security*, 486 F.3d 234, 247 (6th Cir. 2007). The ALJ's finding comports with what is required to determine whether a disability exists. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); 20 C.F.R. § 404.1521 ("Your impairment(s) must result from anatomical, physiological, or psychological abnormalities that can be show by medically acceptable clinical and laboratory diagnostic techniques."). Because Plaintiff's argument hinges on an ALJ error, and this court concludes the ALJ made no error, Plaintiff's argument is rejected. This court finds no error in the report and recommendation.

## IV. Conclusion

This court has conducted a review of this matter. Having read the file, including the report, recommendations and relevant authority, the court adopts the report and recommendation over the objections.

**IT IS HEREBY ORDERED** that Plaintiff's objection (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that the report and recommendation (ECF No. 10) is **ADOPTED** by the court.

**IT IS SO ORDERED.**

Date: September 24, 2024 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

4